IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CAMPA LOPEZ, | No. C 13-3330 JSW (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| OFFICER S. BURRIS; LIEUTENANT R. RICE; WARDEN G.D. LEWIS; SECRETARY MATTHEW CATE; NURSE POLLY; CHIEF MEDICAL OFFICER MICHAEL C. SAYRE; | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner at Pelican Bay State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff timely amended. For the reasons discussed below, the complaint is ordered served upon Defendants and dispositive motions are scheduled.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he suffers from periodic asthma attacks. He alleges that Defendants Burris, Rice, Lewis, Cate, Sayre and Polly, have knowingly caused him to suffer dangerous delays in receiving emergency medical attention for his asthma. He alleges that they have done so by retaining him in the Secured Housing Unit ("SHU") where inmates have to wait up to thirty minutes for emergency care, instituting policies causing such delays, failing to correct such delays, and in the case of Defendant Polly, acutally providing delayed medical care. When liberally construed, Plaintiff's allegations state a cognizable claim against Defendants for deliberate indifference to his serious

medical needs in violation of the Eighth Amendment. .

## CONCLUSION

For the reasons set out above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **amended complaint** (dkt. 6) and all attachments thereto, and a copy of this order upon Defendants **Officer S. Burris; Lieutenant R. Rice; Warden G.D. Lewis; Nurse Polly; Chief Medical Officer Michael C. Sayre** at **Pelican Bay State Prison**, and **Secretary Matthew Cate at the California Department of Corrections and Rehabilitation in Sacramento, California.**

The Clerk shall also mail a courtesy copy of the complaint with all attachments thereto, and this order to the California Attorney General's Office.

The Clerk shall also serve a copy of this order on Plaintiff.

2. Defendants shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING

1  (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d
2  1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).
3     c. Defendants **shall** file a reply brief no later than **14 days** after the date of
4  service of the opposition.
5     d. The motion shall be deemed submitted as of the date the reply brief is
6  due. No hearing will be held on the motion unless the court so orders at a later date.
7     e. Along with their motion, defendants shall proof that they served
8  plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op.
9  7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th
10 Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so
11 will result in the summary dismissal of their motion without prejudice.
12   4. All communications by the plaintiff with the court must be served on defendant,
13 or defendant's counsel once counsel has been designated, by mailing a true copy of the
14 document to defendant or defendant's counsel.
15   5. Discovery may be taken in accordance with the Federal Rules of Civil
16 Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
17 Local Rule 16-1 is required before the parties may conduct discovery.
18   6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
19 court informed of any change of address and must comply with the court's orders in a
20 timely fashion. Failure to do so may result in the dismissal of this action for failure to
21 prosecute pursuant to Federal Rule of Civil Procedure 41(b).
22   IT IS SO ORDERED.
23
24 DATED: December 11, 2013    *[signature]*
25             JEFFREY S. WHITE
            United States District Judge
26
27
28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

|     |                                    |
| --- | ---------------------------------- |
|     | UNITED STATES DISTRICT COURT       |
|     | FOR THE                            |
|     | NORTHERN DISTRICT OF CALIFORNIA    |

ROBERTO LOPEZ,

        Plaintiff,

  v.

BURRIS et al,

        Defendant.

Case Number: CV13-03330 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 11, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto Campa Lopez
C22294
PBSP 5905 Lake Earl Drive
P. O. Box 7500
Crescent City, CA 95531

Dated: December 11, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk