1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     ROBERTO CAMPA LOPEZ,                      Case No.  13-cv-03330-JD

              Plaintiff,
8
                                               **ORDER GRANTING MOTION TO**
9          v.                                  **DISMISS**

10    BURRIS, et al.,                           Re: Dkt. No. 17

              Defendants.
11

12

13          Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42

14    U.S.C. § 1983.  Defendants have filed a motion to dismiss citing failure to state a claim.  Plaintiff

15    has filed an opposition, and defendants have filed a reply.  The motion is granted.

16    **I.    BACKGROUND**

17          Plaintiff states that he suffers from periodic asthma attacks.  He alleges that defendants

18    Burris, Rice, Lewis, Cate, Sayre and Polly have knowingly caused him to suffer dangerous delays

19    in receiving emergency medical attention for his asthma.  He states that they have done so by

20    retaining him in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP") where

21    inmates have to wait up to thirty minutes for emergency care, instituting policies causing such

22    delays, failing to correct such delays, and in the case of defendant Polly, actually providing

23    delayed medical care.[1]  Defendants argue in this motion to dismiss that plaintiff has failed to

24    allege sufficient personal involvement by several of the defendants as they are supervisors and

25    many of his allegations are time barred.

26

27    _____

28    [1] Defendant Rice has not been served, and the United States Marshal was informed that this
      defendant is deceased.  Docket No. 14 at 11.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation").  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  *See id*. at 558-59, 574.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citation omitted).

The Court may consider exhibits attached to the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a plaintiff's claims.  *See No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

"In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding under *Twombly*, and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11

United States District Court
Northern District of California

1  detainees as 'of high interest' because of their race, religion, or national origin" over more likely

2  and non-discriminatory explanations).

3       A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in

4  the constitutional deprivation or (2) a sufficient causal connection between the supervisor's

5  wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04

6  (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  A plaintiff must also

7  show that the supervisor had the requisite state of mind to establish liability, which turns on the

8  requirement of the particular claim - and, more specifically, on the state of mind required by the

9  particular claim - not on a generally applicable concept of supervisory liability.  *Oregon State*

10  *University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

11  **III.    DISCUSSION**

12      **A.    Supervisory Defendants**

13       Defendant Lewis is the former warden of PBSP, and the only allegation in the complaint is

14  that he "was made aware of the deliberate indifference to plaintiff's serious medical needs via

15  plaintiff's indefinite retention in the SHU, but [he] failed to do anything about it via his

16  supervisory role."  Amended Complaint at 9.  Plaintiff repeated the same allegation against

17  defendant Cate, Secretary of California Department of Corrections and Rehabilitation.  *Id.* at 10.

18  The same allegation is repeated against defendant Sayre, the Chief Medical Officer at PBSP, and

19  plaintiff states that Sayre created a policy in 2008 that all medical providers should only give

20  essential constitutional care, no common, minor, or uncomfortable issues should be addressed.  *Id.*

21  at 11.

22       All of these defendants are dismissed because plaintiff has failed to demonstrate a personal

23  involvement in the constitutional deprivation or a sufficient causal connection between the

24  defendants' actions and the constitutional violation.  His conclusory statements that defendants

25  were made aware of the violations and failed to act are insufficient under *Iqbal*.  Plaintiff argues

26  that he sent letters to these defendants describing the issues.  However, these letters were sent after

27  the alleged incidents, and assuming that defendants read the letters, plaintiff has still failed to

28  present sufficient allegations to show a state of mind of deliberate indifference to his serious

3

1    medical needs.  These defendants are dismissed, but plaintiff will be provided one final

2    opportunity to amend.

3    **B.    Statute of Limitations**

4         The statute of limitations for civil actions filed in California is two years, as set forth at

5    California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions.  *See*

6    *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Because an inmate suffers from the

7    disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a §

8    1983 claim for damages in California, i.e., the regular two-year period under section 335.1 plus

9    two years during which accrual was postponed due to the disability of imprisonment.  California

10   Civil Procedure Code § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir.

11   2000).[2]  Under federal law, a claim generally accrues for calculating the statutory limitations

12   period when the plaintiff knows or has reason to know of the injury which is the basis of the

13   action.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).

14        Plaintiff describes incidents when he had asthma attacks for which treatment was delayed

15   on various dates from 2005 to 2012.  Plaintiff filed this case on February 14, 2013.[3]  Incidents that

16   occurred before February 14, 2009, are dismissed from this action as untimely.  Incidents that

17   occurred on February 17, 2009, April 27, 2009, April 28, 2009, June 24, 2009, June 28, 2009, June

18   30, 2009, March 23, 2012, and March 25, 2012 will continue.

19        The allegations against defendant Burris involve his investigation into plaintiff's gang

20   activity that led to his placement in the SHU.  Burris' involvement occurred on March 19, 2008.

21   Amended Complaint, Ex. A at 15-16.  Burris is dismissed from this action as his involvement

22   occurred well before February 14, 2009.

23   **IV.    CONCLUSION**

24        The motion to dismiss (Docket No. 17) is **GRANTED**, and the amended complaint is

25

26   _____
     [2]  The two years of tolling is for prisoners serving less than a life term.  Cal. Civ. Proc. Code §
27   352.1(a)
     [3]  While the case was opened in July 2013, the filing was originally submitted five months earlier
28   as part of another action and only later opened as a new case.  *See Lopez v. Burris*, 10-cv-1581-
     JSW.

*United States District Court*
*Northern District of California*

dismissed with leave to amend, as discussed above, within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Defendant Burris is dismissed from this action.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaints by reference.  Failure to amend within the designated time will result in the dismissal of all defendants except Nurse Polly and this case will only continue against him.

      **IT IS SO ORDERED**.

Dated:  11/20/14

_____
JAMES DONATO
United States District Judge

1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    ROBERTO CAMPA LOPEZ,                    Case No.  13-cv-03330-JD
8             Plaintiff,
9         v.                                 **CERTIFICATE OF SERVICE**
10   BURRIS, et al.,
11            Defendants.

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13

14        That on 11/20/2014, I SERVED a true and correct copy(ies) of the attached, by placing
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.
16

17   Roberto Campa Lopez
     C22294
18   P.O. Box 29066
     Represa, CA 95671
19

20

21   Dated: 11/20/2014

22

23                                           Richard W. Wieking
                                             Clerk, United States District Court
24

25

26                                           By
                                             LISA R. CLARK, Deputy Clerk to the
27                                           Honorable JAMES DONATO

28

                                    6